UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

The Johns Manville Hourly
Employee 401(K) Plan,

Case No. 3:15-cv-1904

      Plaintiff

v.

MEMORANDUM OPINION

Juanita T. Reiman, et al.,

      Defendants

## I. BACKGROUND

Michael P. Reiman had a retirement account with The Johns Manville Hourly Employee 401(K) Plan at the time of his death on January 15, 2015. In 1991, Mr. Reiman designated his mother, Juanita Reiman, as his account beneficiary. Mr. Reiman also completed and signed an undated reallocation form which designated Sherrie Y. Sanders as his beneficiary.

The Johns Manville Hourly Employee 401(K) Plan initiated this interpleader action naming Juanita T. Reiman, Sherrie Y. Sanders[1], and the Estate of Michael P. Reiman as defendants. The interpleader complaint "requests that this Court determine the proper beneficiary with respect to Mr. Reiman's Account." (Doc. No. 1 at ¶ 25).

Defendant Sanders asserts counterclaims against the Plan seeking declaratory relief and injunctive relief under state and federal law. (Doc. No. 13). Her prayer for relief seeks a declaration

---

[1] Defendant Sherrie Y. Sanders, through her answer, states she is now known as Sherrie Y. Shock. For purposes of convenience, the Court will refer to Defendant in this memorandum opinion as Sanders but clarify her identity in the conclusion and judgment entry.

that she is the primary and sole beneficiary to the Reiman 401(K) fund, is entitled to judgment in the full amount of the account, as well as asking the Plan be enjoined from distributing any funds until further order of the Court. Sanders also asserts cross-claims against Juanita Reiman and the Estate of Michael P. Reiman requesting Sanders be designated the primary beneficiary as a matter of law. (Doc. No. 13).

This matter is before me on the Plaintiff's motion for Judicial Approval of this Interpleader (Doc. No. 26), Defendant Sanders' motion for summary judgment (Doc. No. 34), Defendant Reiman's motion in limine (Doc. No. 48), and Plaintiff's renewed motion for Judicial Approval of this Interpleader action (Doc. No. 49). All of these motions have been fully briefed and are ready for adjudication. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1331.

## II. MOTION FOR JUDICIAL APPROVAL OF INTERPLEADER

Plaintiff's motion for interpleader contains multiple branches. First, Plaintiff seeks judicial approval of the interpleader asserted by the Plan. Second, Plaintiff seeks dismissal from this litigation as a disinterested stakeholder. Third, Plaintiff seeks dismissal of the counterclaims asserted by Defendant Sanders. Finally, Plaintiff seeks an award of attorneys' fees and costs. Because judicial approval of the interpleader action is the primary determination, I address that issue first.

Plaintiff initiated this interpleader action pursuant to Fed. R. Civ. P. 22, which states in pertinent part, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." The advantages of an interpleader action are tantamount to a declaratory judgment action insofar as "the actions 'enabl[e] a defendant to precipitate a plaintiff's suit in order to avoid multiple liability or other inconvenience.'" *Bell & Beckwith v. United States, I.R.S.*, 766 F.2d 910, 914 (6th Cir. 1985).

The Sixth Circuit has commented on the progression of an action under Rule 22 as follows:

> An interpleader action typically proceeds in two stages. During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threated with double or multiple liability, and whether any equitable concerns prevent use of interpleader. 7 WRIGHT, MILLER & KANE, *supra*, at § 1714. During the second stage, the court determines the respective rights of the claimants to the fund or property at stake via normal litigation processes, including pleading, discovery, motions, and trial. *Id.*

*United States v. High Techn. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007).

In determining the propriety of an interpleader action, a court must ascertain whether the stakeholder has a legitimate fear of multiple liability seeking a single stake. *Id.* at 642. Interpleader is also appropriate where the claims against the stake are adverse to each other. *See* 4 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 22.03[1][d] (3d ed. 2016).

In this action, the named defendants include potential beneficiaries to Michael Reiman's 401(K). Defendant Sanders has already asserted a counterclaim against Plaintiff seeking a declaratory judgment and injunctive relief against Plaintiff from distributing funds until receiving direction from the Court. (Doc. No. 13). Defendant Sanders also asserted crossclaims against the other defendants, Mr. Reiman's estate, and Juanita Reiman. (*Id.*) Based upon the claims asserted thus far, this factor is satisfied.

Another factor to be considered is whether the court has personal jurisdiction over the claimants. 4 MOORE'S FEDERAL PRACTICE § 22.03[1][f]. The Plaintiff contends there is jurisdiction pursuant to 28 U.S.C. §§ 1132 and 1131 because of diversity of citizenship, in addition to the federal claims asserted under ERISA. Defendant Sanders admits jurisdiction. (Doc. No. 13 at ¶ 3) Additionally, Defendants Juanita Reiman and the Estate of Michael P. Reiman also concede jurisdiction. (Doc. No. 5 at ¶ 12). All of the Defendants are either residents of, or domiciled in Ohio and do not contest personal jurisdiction.

Defendant Sanders objects to Plaintiff's motion, arguing that the Plan should not be dismissed without depositing the funds with the Court. As acknowledged by both sides, however, to deposit the money would trigger tax liability and impair the parties' interests. Sanders contends the motion should be denied on this basis. Defendants Juanita Reiman and the Estate of Michael P. Reiman concur with Sanders in opposing Plaintiff's motion.

Six months after its initial motion, Plaintiff submitted a renewed motion for interpleader. (Doc. No. 49). Not surprisingly, Defendant Sanders opposes the renewed motion. As noted in the Plaintiff's reply brief, however, "[n]one of the claimants contest the appropriateness of interpleader." (Doc. No. 54 at p. 1).

As I find there is no opposition to the interpleader itself and there exists personal jurisdiction over all three Defendants, I find Plaintiff's motion for judicial approval of interpleader to be well taken, in part, but will not require deposit of the funds with the Court. *See* 4 MOORE'S FEDERAL PRACTICE § 22.04[6][a] (citing Fed. R. Civ. P. 22 and the discretion accorded to a court on this determination).

As the Plaintiff is the subject of counterclaims by Defendant Sanders and there are dispositive motions pending by Sanders and the Plan, I will next address those dispositive motions.

### III. DEFENDANT SANDERS' MOTION FOR SUMMARY JUDGMENT

A. Summary Judgment Standard

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual

4

dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

B. Discussion

In determining the beneficiary under an ERISA plan, the Sixth Circuit "holds that ERISA itself supplies the rule of law." *Metropolitan Life Ins. Co. v. Pressley*, 82 F.2d 126, 130 (6th Cir. 1996), *cert. denied sub nom., Pressley v. Pressley*, 520 U.S. 1263 (1997). To that end, the Court in *Metropolitan Life* relied on Section 404(a)(1)(D) of ERISA which the appellate court found "establish[ed] a clear mandate that plan administrators follow plan documents to determine the designated beneficiary." *Id.*

While a number of other circuits have adopted the substantial compliance doctrine, the Sixth Circuit's "take on th[at] doctrine is less clear." *Kmatz v. Metro. Life Ins. Co.*, 232 F. App'x 451, 456 (6th Cir. 2007) (citing cases discussing substantial compliance but finding the standard was not met). *See also Unicare Life & Health Ins. Co. v. Craig*, 157 F. App'x 787, 791 (6th Cir. 2005) (finding the district court erred in applying the substantial compliance rule of federal common law and Ohio law in determining the proper designation of beneficiary). As noted by the Sixth Circuit: "There is a split amongst circuits with respect to the manner in which a beneficiary is determined. Several circuits, finding no explicit answer in the text of ERISA, look to the federal common law for the controlling principles. . . . [t]he majority approach [] examine[s] the beneficiary-designation issue under the 'substantial compliance' rule of the federal common law." *Unicare Life & Health Ins. Co. v. Craig*, 157 F.App'x 787, 791 (6th Cir. 2005).

Under the terms of the Plan, an unmarried Participant's beneficiary is defined as "any one or more persons or entities who have been named by a Participant in a written designation that is filed

5

with the Benefits Committee to receive benefits payable in the event of the Participant's death before the participant's Accounts have been totally distributed." (Doc. No. 34-6 at ¶ 1.12).

In this case, there is no dispute Mr. Reiman completed and submitted an "Enrollment/Change Form," dated May 16, 1991, designating his mother Juanita Reiman as his primary beneficiary. (Doc. No. 1-1). Juanita Reiman's address on this form is listed as "943 Perry." (*Id.*) There is no contingent beneficiary designated on this form, and it is stamped as received by "Retirement/Trust" on May 20, 1991. (*Id.*)

The Plan also submitted an "Enrollment/Reallocation Form" listing Sherrie Y. Sanders as the primary beneficiary. (Doc. No. 1-2). Her relationship to Mr. Reiman, per the form, is stated as "Fiance." (*Id.*) Ms. Sanders' address is listed as "724 Harrison St." which is the same address as that of Mr. Reiman per this form. (*Id.*) Juanita Reiman is listed as the contingent beneficiary and her address on this form is "633 Grover St." (*Id.*) This form is signed by Michael P. Reiman but the form is not dated.

Sanders submits a certified copy of the deed showing the sale of 633 Grover to Michael P. Reiman on March 26, 1992. (Doc. No. 34-4). Ms. Sanders testified that she became engaged to Mr. Reiman on May 23, 1992. (Doc. No. 50-1 at p. 10).

Juanita Reiman testified she was living on Perry Street at the time of the engagement. (Doc. No. 53-1 at p. 6). Later in her deposition, she acknowledged moving to the Grover Street house sometime after Michael purchased that property. (*Id.* at pp. 13-14). Juanita Reiman also testified Sherrie was living at 724 Harrison with Michael "but not that long." (*Id.*)

Sherrie Sanders testified she lived with Michael Reiman at 724 Harrison between 1985 and 1995. (Doc. No. 50-1 at p. 14). Based upon the deposition testimony of both Sanders and Juanita

6

Reiman, there is consensus that Sherrie Sanders was engaged to Michael P. Reiman and lived with him at the 724 Harrison address.

Both forms indicate an "[e]mployee signature [is] required for any changes/elections on this form." There was a reminder notation on the "Reallocation Form" to sign and date the form.

Contrary to Defendant Juanita Reiman's position, the requirements of this ERISA plan are minimal. A written designation is required to be filed with the benefits committee. The form itself requires a signature. The Plan produced both the Enrollment/Change Form (Doc. No. 1-1) and the Enrollment/Reallocation Form (Doc. No. 1-2) attendant to the interpleader complaint. Presumably, the Plan produced what it had in Michael Reiman's file, and there is no evidence presented which suggests either of these forms were not in Mr. Reiman's file. In addition, there is no evidence presented to suggest someone other than Mr. Reiman signed both these forms.

Considering the admissible evidence presented and drawing all reasonable inferences in a light most favorable to the nonmovant, I find there to be no genuine issue as to any material fact and that Ms. Sanders, now Shock, is entitled to judgment as a matter of law. She has met her burden under the Plan requirements or the substantial compliance standard. In contrast, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

For these reasons, I grant the motion for summary judgment (Doc. No. 34). Sherrie Sanders, now known as Shock, is deemed to be the primary beneficiary to the Reiman 401(K) proceeds and is entitled to receive 100% of the proceeds of Michael P. Reiman's 401(K) as held in the Johns Manville Hourly Employee 401(K) Plan. Additionally, Defendant Juanita Reiman's motion in limine to strike the Sanders affidavit (Doc. No. 48) is denied as moot.

As I have determined Sherrie Sanders to be the proper beneficiary to the Reiman 401(K) proceeds, the Plaintiff's motion for dismissal of Sanders' counterclaims is also denied as moot.

### IV. REMAINING INTERPLEADER ISSUES

The remaining requests presented by Plaintiff in its motions for judicial approval of the interpleader action include dismissal from this litigation and an award of attorneys' fees and costs.

Generally, attorney fees for disinterested stakeholders are discretionary with the court:

> "Neither Rule 22 nor the interpleader statute contains an express reference to costs or attorney's fees." 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1719 (3d ed. 2001). Nevertheless, "[a] federal court has discretion to award costs and counsel fees to the stakeholder in an interpleader action, whether brought under Rule 22 or the interpleader statute, whenever it is fair and equitable to do so." *Id.* An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability. *Septembertide Publishing v. Stein and Day*, 884 F.2d 675 (2d Cir. 1989). The only limiting principle is reasonableness, and it is at the discretion of the court to determine what award is appropriate. 7 Wright, Miller & Kane, supra § 1719.

*Holmes v. Artists Rights Enforcement Corp. (AREC)*, 148 F. App'x 252, 259 (6th Cir. 2005).

In this action, the Plaintiff qualifies as a disinterested stakeholder, has conceded liability, and seeks discharge from liability. Because of the tax implications raised if the funds were to be deposited with the Court, I do not deem it relevant that the Plan has not deposited the disputed funds with the Court. The Plan stands ready to distribute the funds to the beneficiary as directed by court order.

Accordingly, I find the Plaintiff is entitled to a reasonable award of attorney fees and costs. Plaintiff shall submit an itemization of its fees and costs to the Court within thirty days of this Order. The Plaintiff shall also be dismissed from this litigation.

## V. Conclusion

For the reasons stated above, I grant Defendant Sherrie Y. Sanders, now known as Sherrie Y. Shock's motion for summary judgment. (Doc. No. 34). Defendant Juanita Reiman's motion in limine to strike the Sanders affidavit (Doc. No. 48) is denied as moot.

Plaintiff's motion for judicial approval of interpleader (Doc. No. 26) is granted. Plaintiff's motion for dismissal of the counterclaims (Doc. No. 26) is denied as moot. Plaintiff's motion for reasonable attorney fees and costs (Doc. No. 26) is granted and Plaintiff shall file its itemized submission within thirty days of this Order. Plaintiff's motion for dismissal from this litigation (Doc. No. 26) is granted. Finally, Plaintiff's renewed motion for judicial approval of interpleader (Doc. No. 49) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge